UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IN RE: BAUSCH & LOMB, INC.
SECURITIES LITIGATION

Master File No. 01 CV 6190 (CJS)

THIS DOCUMENT RELATES TO ALL ACTIONS

## STIPULATION OF SETTLEMENT

This Stipulation (as defined below), is made and entered into by and among Lead Plaintiff Kenneth Z. Slater, as Trustee for the Kendall Trust, plaintiff Joseph Hannon and plaintiff Ai-Yun Tang on behalf of themselves and the Class (as defined below) and defendants Bausch & Lomb (as defined below), William M. Carpenter, Stephen C. McCluski, and Carl E. Sassano in the Action (as defined below), by and through their undersigned attorneys. The Settlement (as defined below) is contingent upon satisfaction of each of the conditions of settlement set forth in Article G hereof.

WHEREAS, beginning in April 2001, several putative class actions alleging violations of the Securities Exchange Act of 1934 were filed against the Defendants (as defined below) and subsequently consolidated by order of the Court, entered October 16, 2001 under the above caption;

WHEREAS, the Court's order of October 16, 2001 appointed Kenneth Z. Slater, as Trustee for the Kendall Trust, as Lead Plaintiff, and approved Wolf Haldenstein Adler Freeman & Herz LLP as Lead Counsel along with an Executive Committee;

WHEREAS, the Representative Plaintiffs (as defined below) filed their First Consolidated Class Action Complaint on December 17, 2001, alleging, inter alia, that during the

Class Period (as defined below), Defendants' disclosures concerning Bausch & Lomb were materially false and misleading in violation of the Securities Exchange Act of 1934;

**WHEREAS**, the Representative Plaintiffs have sought to represent the Class;

**WHEREAS**, on March 28, 2003, the Court issued a Decision and Order which granted in part and denied in part the Defendants' motion to dismiss the Action, and dismissed the Representative Plaintiffs' claims concerning the Vision Care segment of Bausch & Lomb and certain of the allegations concerning its Pharmaceutical segment, but sustained the remaining claims as to the Pharmaceutical segment and concerning the Surgical segment;

**WHEREAS**, the Representative Plaintiffs moved for class certification on June 23, 2003;

**WHEREAS**, since June, 2003, Defendants have produced more than 380,000 pages of documents and fourteen audiotapes and have answered interrogatories under oath;

**WHEREAS**, the Representative Plaintiffs have taken the deposition of the Chief Information Officer of Bausch & Lomb pursuant to a notice issued under Federal Rule of Civil Procedure 30(b)(6);

**WHEREAS**, the Representative Plaintiffs, through Lead Counsel (as defined below) and the Executive Committee, state that they have conducted an extensive investigation relating to the claims asserted, and the underlying events and transactions alleged, in the Complaint (as defined below), which investigation has provided Lead Counsel and the Representative Plaintiffs with an adequate and satisfactory basis for the evaluation of and agreement to the Settlement described herein;

**WHEREAS**, the Representative Plaintiffs have produced thousands of pages of documents and have answered interrogatories under oath, and plaintiffs Hannon and Tang have been deposed by Defendants on issues related to class certification;

**WHEREAS**, the Settling Parties engaged in extensive arm's-length negotiations before retired United States District Court Judge Nicholas H. Politan on July 14, 2004, which

culminated in the execution of a Memorandum of Understanding, dated July 16, 2004, to settle the claims asserted against the Defendants in this action;

WHEREAS, the Defendants caused the sum of $12,500,000 to be paid into the Escrow Account (as defined below) on July 27, 2004;

WHEREAS, the Representative Plaintiffs, Lead Counsel, and the Executive Committee recognize the expense, risks, and uncertain outcome of the litigation and appeals, especially in a complex action such as this with its inherent difficulties and delays, and the Representative Plaintiffs, on behalf of themselves and all other members of the Class, desire to settle their claims against all Defendants in this Action on the terms and conditions hereafter set forth in this Stipulation;

WHEREAS, the Representative Plaintiffs, Lead Counsel, and the Executive Committee deem the Settlement to be fair, reasonable, adequate, and in the best interests of the members of the Class; and

WHEREAS, Defendants in this Action, while continuing to deny all allegations of wrongdoing or liability whatsoever, and despite the Court's granting of their motion to dismiss in part, also recognize the expense, risks, and uncertain outcome of the litigation and appeals, especially in a complex action such as this.

NOW, THEREFORE, in consideration of the mutual promises and recitals contained herein, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and pursuant to Federal Rule of Civil Procedure 23,

IT IS HEREBY STIPULATED AND AGREED, by and between the Settling Parties, by and through their respective undersigned counsel, that this Action shall be fully, finally, and forever resolved, discharged, and settled, compromised, and dismissed with prejudice, subject to the approval of the Court, in the manner and upon the terms and conditions hereafter set forth:

A.  **DEFINITIONS**

As used in this Stipulation, the following terms have the meanings specified below:

1.    "Action" means the several class actions alleging violations of the Securities Exchange Act of 1934 that were filed and subsequently consolidated by order of the Court entered October 16, 2001 under the caption In re Bausch & Lomb, Inc. Securities Litigation, Master File No. 01 CV 6190 (CJS) (W.D.N.Y.).

2.    "Authorized Claimant" means any member of the Class who files a Proof of Claim in such form and manner, and within such time as specified therein, and whose claim for recovery has been allowed pursuant to the terms of the Stipulation, the Notice and the Proof of Claim or by order of the Court.

3.    "Bausch & Lomb" means Bausch & Lomb Incorporated.

4.    "Claims Administrator" means The Garden City Group, Inc.

5.    "Class" means the class to be certified by the Court of all Persons who purchased or otherwise acquired Bausch & Lomb common stock during the Class Period, and their respective assigns, heirs, executors, estates, trustees, administrators, custodians, beneficiaries, and predecessors- or successors-in-interest. The Class does not include the Defendants, the officers and directors of Bausch & Lomb, or their representatives, heirs, successors- or predecessors-in-interest, affiliates, or assigns.

6.    "Class Period" means January 27, 2000, through and including August 24, 2000.

7.    "Complaint" means the First Consolidated Class Action Complaint filed in the Action on December 17, 2001.

8.     "Court" means the United States District Court for the Western District of New York, Rochester Division.

9.     "Debt Obligation" means short term United States Agency or Treasury securities backed by the full faith and credit of the United States Government.

10.     "Defendants" means Bausch & Lomb, William M. Carpenter, Stephen C. McCluski, and Carl E. Sassano.

11.     "Defendants' Counsel" means Wachtell Lipton Rosen & Katz and Nixon Peabody LLP.

12.     "Effective Date" means the date on which the Judgment becomes Final.

13.     "Escrow Account" means the account created pursuant to the Escrow Agreement, into which the Settlement Amount has been paid and from which certain payments have been or will be made in accordance with the terms and conditions hereof and of the Escrow Agreement.

14.     "Escrow Agent" means the escrow agent established pursuant to the Escrow Agreement.

15.     "Escrow Agreement" means the Escrow Agency Agreement, executed July 26, 2004, between and among Bausch & Lomb, Lead Counsel and Garden City Group, Inc. and attached hereto as Exhibit F.

16.     "Expense Award" has the meaning described in Paragraph C(3) hereof.

17.     "Fee Award" has the meaning described in Paragraph C(3) hereof.

18.     "Final" means (a) if no appeal from the Judgment is sought, the day after the last date such an appeal could be filed following entry of the Judgment; or (b) if an appeal (including a petition for a writ of certiorari) is sought from the Judgment, the day after such

Judgment is affirmed or the appeal is dismissed or denied and such Judgment is no longer subject to further judicial review.

19.     "Final Settlement Hearing" means the final hearing to be held by the Court to determine, _inter alia_, whether the proposed Settlement should be finally approved as fair, reasonable and adequate, whether an order approving the Settlement and dismissing the Action should be entered thereon, and whether an order should be entered awarding the Fee Award and the Expense Award to Plaintiffs' Counsel, and the Representative Plaintiffs' Expense Award to the Representative Plaintiffs.

20.     "Gross Settlement Fund" means the Settlement Amount and any interest or income thereafter earned thereon for the benefit of the Class.

21.     "Judgment" means the Court's Order and Final Judgment, substantially in the form of Exhibit E hereto, as described in Article F herein.

22.     "Lead Counsel" means Wolf Haldenstein Adler Freeman & Herz LLP.

23.     "Lead Plaintiff" means Kenneth Z. Slater, as Trustee for the Kendall Trust.

24.     "Net Settlement Fund" means the remainder of the Gross Settlement Fund after the payment of the amounts listed in Paragraph B(2).

25.     "Notice" means the Notice, substantially in the form of Exhibit B hereto, as described in paragraph D(d) herein.

26.     "Person" means any individual, corporation, partnership, association, affiliate, joint stock company, trust, estate, unincorporated association, government and any political subdivision thereof, and any other type of legal or political entity.

27.    "Plaintiffs' Counsel" means each of Plaintiffs' counsel identified in the Complaint.

28.    "Plan of Allocation" means the distribution of the Net Settlement Fund to the Authorized Claimants in proportion to their respective Recognized Losses, as described in paragraph C(5).

29.    "Preliminary Approval Order" means the order substantially in the form of Exhibit A hereto, as described in Article D hereof.

30.    "Proof of Claim" means the Proof of Claim and Release, in the form annexed hereto as Exhibit D, as described in paragraph D(e).

31.    "Recognized Loss" means an Authorized Claimant's *pro rata* recovery, which shall be computed as follows: (a) With respect to each Class member who purchased or otherwise acquired Bausch & Lomb common stock during the Class Period and who sold those shares before the end of the Class Period, the Recognized Loss shall mean twenty percent (20%) of the difference, if any, between the price paid for each share of stock less the price at which such shares were later sold. (b) With respect to each Class member who purchased or otherwise acquired Bausch & Lomb common stock during the Class Period and who held those shares through the end of the Class Period, the Recognized Loss shall mean the difference between the price paid for each share of stock and $37.585 per share, the average of the prices at which Bausch & Lomb common stock closed during the 90-day period beginning on August 24, 2000 (both calculations excluding brokerage commissions and transaction charges).

32.    "Released Parties" means and includes the Defendants (and each of them, and their current and prior parents, affiliates, subsidiaries, predecessors, officers, directors, employees, agents, successors, assigns, creditors, administrators, heirs and legal representatives),

and their respective insurers, co-insurers, reinsurers, attorneys, accountants, consultants, advisors and underwriters.

33.   "Releasors" means the Representative Plaintiffs and each member of the Class (excluding Persons whose requests for exclusion from the Class are approved by the Court), and any other Person who is bound by the terms hereof by operation of law.

34.   "Representative Plaintiffs" means Lead Plaintiff Kenneth Z. Slater, as Trustee for the Kendall Trust, and plaintiffs Joseph Hannon and Ai-Yun Tang.

35.   "Representative Plaintiffs' Expense Award" has the meaning described in Paragraph C(4) hereof.

36.   "Settled Claims" means any statutory or common law claims, rights, demands, suits, matters, issues or causes of action under federal, state, local, foreign or any other law, rule or regulation (including Unknown Claims) that were, could have been, or might have been asserted against the Released Parties, in any capacity, including but not limited to individually, derivatively, or as a class, in any court of competent jurisdiction or any other adjudicatory tribunal, in connection with, arising out of, related to, based upon, in whole or in part, directly or indirectly, in any way, the facts, transactions, events, occurrences, acts, disclosures, oral or written statements, representations, filings, publications, disseminations, press releases, presentations, accounting practices or procedures, omissions or failures to act which were alleged or could have been alleged in the Action or the Complaint through the Effective Date, or which relate to the purchase or acquisition of Bausch & Lomb common stock during the Class Period

37.   "Settlement" means the settlement and compromise of the Action as provided for herein.

8

38.   "Settlement Amount" means the sum of $12,500,000.

39.   "Settlement Fund" means the fund created and maintained for the benefit of the Class as provided for in, and subject to, the provisions of this Stipulation and encompasses both the Gross Settlement Fund and the Net Settlement Fund.

40.   "Settling Parties" means Representative Plaintiffs and the Class together with Defendants.

41.   "Stipulation" means this Stipulation of Settlement, dated as of August 2, 2004.

42.   "Summary Notice" means the Notice, substantially in the form of Exhibit C hereto, as described in paragraph D(d) herein.

43.   "Unknown Claims" means any and all Settled Claims that any Representative Plaintiff or member of the Class does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, including, without limitation, claims that if known by him, her or it might have affected his, her or its decision(s) to settle with and release the Released Parties or not to object to the Settlement or to seek exclusion from the Class.

**B.     SETTLEMENT FUND**

1.   Defendants have placed, or have caused their insurer to place, the Settlement Amount into an interest-bearing account held by the Escrow Agent for the benefit of the Class, pursuant to the Escrow Agreement.  It is the intent of the Settling Parties to structure a "Qualified Settlement Fund" as that term is used in section 468B of the Internal Revenue Code, and for the Escrow Agent to act as the administrator of the Settlement Fund.  The Escrow Agent shall maintain the Settlement Fund in either Debt Obligations or in money market funds whose portfolio is comprised of Debt Obligations, and shall reinvest the proceeds as they mature in

9

similar instruments and/or funds at their then current market rates according to the terms set by the Escrow Agreement. Interest or income earned on the Settlement Amount while the Settlement Amount is held in escrow shall accrue for the benefit of the ultimate recipients of the Settlement Fund.

2.       The Gross Settlement Fund, net of any taxes on the income thereof, shall be used to pay (i) the Fee Award and the Expense Award; (ii) the Representative Plaintiffs' Expense Award; and (iii) the amounts, if any, incurred by the Representative Plaintiffs in notice and administration expenses. The remainder of the Gross Settlement Fund after the payment of the above amounts shall constitute the "Net Settlement Fund," which shall be distributed to the Authorized Claimants as provided in paragraph C(5) hereof.

## C.       ADMINISTRATION

1.       The Claims Administrator shall administer the Settlement under Lead Counsel's supervision and subject to the jurisdiction of the Court. Except as expressly provided herein, Defendants and other Released Parties, and their respective insurers, shall have no responsibility for the administration of the Settlement and shall have no liability to the Representative Plaintiffs, the Class or Plaintiffs' Counsel in connection with such administration. Defendants shall use their best efforts to provide the Claims Administrator with transfer records and other information maintained by Bausch & Lomb or its transfer agent concerning the identity of Class members and their transactions in Bausch & Lomb common stock.

2.       Upon notice to Defendants, the sum of $100,000 out of the $12,500,000 Settlement Amount will be advanced from the Escrow Account for payment of the actual costs of notice and administration prior to the Effective Date. Such costs include, without limitation, the costs of identifying members of the Class, effecting Class notice as directed by the Court, the

actual costs of publication, printing, and mailing such notice, and the administrative expenses incurred and fees charged by the Claims Administrator or the Escrow Agent in connection with providing the above services, according to the terms of the Escrow Agreement. If the Settlement fails to become effective, moneys expended for the costs and expenses of notice and administration shall not be refundable to Defendants. Under no circumstances will Defendants be required to pay, in total, more than $12,500,000 to the Representative Plaintiffs or to the Class to settle this Action or pursuant to the terms of this Stipulation.

3. Lead Counsel, on behalf of itself and all Plaintiffs' Counsel, will apply to the Court for an award from the Gross Settlement Fund of (i) attorneys' fees (the "Fee Award") in an amount not to exceed 33-1/3 percent of the Gross Settlement Fund and (ii) reimbursement of litigation expenses (the "Expense Award") in an amount not to exceed the sum of $247,000. The Fee Award and the Expense Award, as approved by the Court, shall be paid from the Gross Settlement Fund to Lead Counsel as soon as practicable within five (5) business days following the entry of the Judgment, subject to an express undertaking by Lead Counsel to repay the Fee Award and the Expense Award to the extent that the amounts awarded shall be modified, reduced, or reversed in the event of an appeal from the Judgment. Lead Counsel shall allocate such Fee Award and Expense Award among all Plaintiffs' Counsel based upon their respective contributions to the prosecution of the Action.

4. Plaintiffs' Counsel will apply to the Court for the Representative Plaintiffs' Expense Award from the Gross Settlement Fund to reimburse the Representative Plaintiffs for their time expended and expenses incurred in connection with their services to the Class in an amount not to exceed the sum of $30,000. The Representative Plaintiffs' Expense Award, as approved by the Court, shall be paid from the Gross Settlement Fund to the

11

Representative Plaintiffs as soon as practicable after the later of the following two events: the Effective Date and the date upon which there is a final resolution of any appeal or other challenge to the Representative Plaintiffs' Expense Award. Lead Counsel shall allocate such Representative Plaintiffs' Expense Award among the Representative Plaintiffs based upon the time they expended and the amounts of their respective expenses.

5. After the Effective Date, the Claims Administrator, under the supervision of Lead Counsel, shall be responsible for distributing the Net Settlement Fund remaining after all other payments described herein have been made to Authorized Claimants. The Claims Administrator shall make such distribution to the Authorized Claimants in proportion to their respective Recognized Losses, as set forth herein and in the Notice (the "Plan of Allocation"). No portion of the Net Settlement Fund shall be returned to the Defendants, even if funds remain in the Net Settlement Fund after all Recognized Losses are paid in full, but shall be distributed to Authorized Claimants in proportion to their distributions under the Plan of Allocation.

6. The receipt or grant of an <u>inter vivos</u> gift or a distribution from an estate of Bausch & Lomb common stock during the Class Period shall not be deemed to be a purchase of Bausch & Lomb common stock during the Class Period. However, the recipient of a gift or a distribution from an estate of common stock shall be eligible to file a Proof of Claim and participate in the Settlement to the extent the particular donor or decedent as the actual purchaser of such security would have been eligible, and based upon the circumstances of such purchase within the Class Period; however, donee and donor may not both claim with regard to the same shares. If both donor and donee make such a claim, only the claim filed by the donor will be honored.

12

7.     It is understood and agreed by the Settling Parties that the Fee Award, the Expense Award, the Representative Plaintiffs' Expense Award, the Plan of Allocation, and the formula and procedures for determining Authorized Claimants' Recognized Losses, as set forth herein and in the Notice, do not constitute integral parts of the Settlement.  Accordingly, the Settling Parties understand and agree that any modification of the Fee Award, the Expense Award, the Representative Plaintiffs' Expense Award, or the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth herein, or any other orders entered pursuant to this Stipulation.

8.     This is not a claims-made settlement.  Defendants will have no right to be reimbursed for any part of the Gross Settlement Fund once the Settlement becomes Final.  The Defendants will have no involvement in reviewing or challenging the distributions of the proceeds of the Settlement to the Class members.

9.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund by the Claims Administrator.  The procedures governing the administration of the Settlement shall be as set forth herein and in the Notice sent to the Class.  Except for the obligation to pay the Settlement Amount, and the obligation set forth in the third sentence of Paragraph C(1) hereof, the Released Parties and their respective insurers shall have no liability, obligation, or responsibility for, or involvement in, the administration of the Settlement, the disbursement of the Gross Settlement Fund or the Net Settlement Fund, or the determination, calculation, and payment of claims to members of the Class.

10.    No Authorized Claimant shall have any claim against the Representative Plaintiffs, Lead Counsel, Plaintiffs' Counsel, Defendants, other Released Parties, Defendants' Counsel, Defendants' insurers, or the Claims Administrator based on any distributions made substantially in accordance with this Stipulation and the Notice or as authorized by the Court.

11.    For the purpose of section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. Consistent with the terms of the Escrow Agreement, the Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation §§ 1.468B-2(k) and 1.468B-2(l)), and make all required tax payments, including deposits of estimated tax payments in accordance with Treasury Regulation § 1.6302-1. Such returns shall be consistent with this paragraph and the Escrow Agreement, and in all events shall reflect that all taxes (including any interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

12.    The Released Parties shall have no liability or responsibility for the payment of any taxes, which shall be paid out of the Settlement Fund pursuant to paragraph C(11) hereof.

## D.    PRELIMINARY APPROVAL ORDER

Promptly after execution of this Stipulation, Lead Plaintiff, on behalf of the Representative Plaintiffs and the Class, and Defendants shall move the Court for an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A hereto, providing for, among other things, preliminary approval of the Settlement and notice to the Class of the Final Settlement Hearing. The Preliminary Approval Order to be presented to the Court shall, among

other things:

      (a)     provisionally certify the Class, for settlement purposes only;

      (b)     preliminarily approve the Settlement;

      (c)     direct Defendants to use their best efforts to provide the Claims Administrator, or have Bausch & Lomb's transfer agent provide the Claims Administrator, no later than five (5) business days after entry of the Preliminary Approval Order, with a copy of the stock register reflecting the registered holders of Bausch & Lomb's common stock during the Class Period and the last known addresses of such registered holders;

      (d)     approve forms of mailed notice substantially in the form annexed hereto as Exhibit B (the "Notice") and published notice substantially in the form annexed hereto as Exhibit C (the "Summary Notice"), for mailing and publishing to members of the Class to notify them of the Final Settlement Hearing;

      (e)     direct Lead Counsel to mail or cause to be mailed (not less than forty-five (45) days in advance of the deadline established by the Court for members of the Class to exclude themselves from the Class or to object to the Settlement) the Notice and the Proof of Claim, annexed hereto as Exhibit D, to those members of the Class who can be identified through reasonable effort from the records provided to Lead Counsel or the Claims Administrator, by Defendants, nominees or otherwise;

      (f)     direct Lead Counsel to cause the Summary Notice to be published on *Business Wire* and in the national edition of *The Wall Street Journal*;

      (g)     direct Lead Counsel to serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration under penalty of perjury, of the mailing and

publication, in accordance with Paragraphs D(e) and D(f), of the Notice, the Proof of Claim and the Summary Notice;

(h)     find that the mailing and publication pursuant to this Stipulation, including individual notice by mail to all members of the Class who can be identified through reasonable effort, constitutes the best notice to members of the Class practicable under the circumstances, and is due and sufficient notice to all Persons entitled thereto, of the Final Settlement Hearing, proposed Settlement, application for the Fee Award, the Expense Award, and the Representative Plaintiffs' Expense Award, and other matters set forth in the Notice, and that the Notice fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, and section 21D(a)(7) of the Securities Exchange Act of 1934;

(i)     provide that, pending final determination of whether the Settlement should be approved, neither Representative Plaintiffs nor any member of the Class, either directly, representatively, or in any other capacity, shall commence against any of the Defendants or the Released Parties, any action or proceeding in any court or tribunal asserting any of the Settled Claims;

(j)     schedule the Final Settlement Hearing to be held by the Court to determine whether the proposed Settlement should be approved as fair, reasonable and adequate, and whether an order approving the Settlement and dismissing the Action, in the form of Judgment attached hereto as Exhibit E, should be entered thereon, whether the Plan of Allocation should be approved, and whether to enter the Fee Award, the Expense Award, and the Representative Plaintiffs' Expense Award;

(k)     provide that (unless, in its discretion, the Court shall direct otherwise) any

objections to the proposed Settlement by Class members who have not sought exclusion from the Class shall be heard, and any papers submitted in support of said objections shall be received and considered by the Court at the Final Settlement Hearing, only if, on or before a date to be specified in the Preliminary Approval Order, Persons making objections shall file notice of their intention to appear and copies of any papers in support of their position with the Clerk of the Court and serve such notice and papers on all counsel for the Settling Parties as listed in the Notice;

(l)     provide that any member of the Class shall have the option of excluding himself, herself or itself from the Class by mailing a valid request for exclusion postmarked by a date to be specified in the Preliminary Approval Order to the Claims Administrator in accordance with the instructions set forth in the Notice, and further providing that all Persons whose requests for exclusion from the Class are approved by the Court shall not be members of the Class and shall have no rights with respect to the Settlement and no interest in the Settlement Fund and no right to object to the Settlement;

(m)     provide that Lead Counsel shall give Defendants' Counsel, as soon as practicable after receipt by Lead Counsel or, in any event, not less than fifteen (15) days before the hearing date established by the Court, copies of any requests for exclusion from the Class.

(n)     provide that, upon the Effective Date, all Releasors, whether or not they participate in the Settlement Fund, shall be barred from asserting any Settled Claims, and shall be conclusively deemed to have released the Released Parties from any and all Settled Claims;

(o)     provide that no Person who is not a member of the Class or counsel to the

Class shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation; and

(p)   provide that the Final Settlement Hearing may, from time to time, and without further notice to the Class, be continued or adjourned by Order of the Court.

### E.   **RELEASE**

1.   Upon the Effective Date, Releasors: (i) shall be conclusively deemed to have fully, finally and forever released, relinquished, and discharged all Settled Claims against the Released Parties and all claims relating to the Settlement, (ii) shall be conclusively deemed to have and by operation of the Judgment shall have fully, finally, and forever released, relinquished, and discharged the Released Parties from all claims arising out of or in connection with the institution, prosecution, or assertion of the Action, or with the Settled Claims, or with the Settlement, (iii) shall be conclusively deemed to have covenanted not to sue the Released Parties in any action alleging claims such as were alleged, or could have been alleged, or might have been alleged, in this Action, or that relate to the Settlement and (iv) shall forever be enjoined and barred from asserting the Settled Claims or any claims relating to the Settlement against any of the Released Parties in any action or proceeding of any nature, whether or not such Releasors have executed and delivered a Proof of Claim, whether or not such Releasors have received the Notice, whether or not such Releasors have participated in the Settlement Fund, whether or not such Releasors have filed an objection to the Settlement, the proposed Plan of Allocation, any application by Plaintiffs' Counsel for the Fee Award, the Expense Award, or the Representative Plaintiffs' Expense Award, and whether or not the claims of such Releasors have been approved or allowed.

2.     The Proof of Claim to be executed by the members of the Class shall release all Settled Claims against the Released Parties and shall be substantially in the form attached hereto as Exhibit D and as shall accompany the mailing of the Notice. All members of the Class shall be bound by the release set forth in this Article E, whether or not they submit a valid and timely Proof of Claim.

3.     With respect to any and all Settled Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Releasors shall be conclusively deemed to, and by operation of the Judgment shall, waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

4.     Also with respect to any and all Settled Claims, the Releasors shall be conclusively deemed to, and upon the Effective Date and by operation of the Judgment shall, waive any and all provisions, rights and benefits conferred by the law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code.  The Releasors may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Settled Claims but hereby stipulate and agree that the Releasors do, upon the Effective Date, fully, finally and forever settle and release any and all Settled Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed upon any theory of law or equity, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

Representative Plaintiffs and the Defendants acknowledge, and Releasors and Released Parties by operation of law shall be deemed to have acknowledged, that the inclusion of Unknown Claims in the definition of Settled Claims was separately bargained for and was a key element of the Settlement of which the releases are a part.

F.   **ORDER AND FINAL JUDGMENT OF DISMISSAL TO BE ENTERED BY THE COURT FOLLOWING APPROVAL OF THE SETTLEMENT**

Upon approval by the Court of the Settlement contemplated by this Stipulation, the Judgment, substantially in the form of Exhibit E attached hereto, shall be entered by the Court. The Judgment shall:

1.   Define the "Class" to have the defined meaning used in this Stipulation.

2.   With respect to the Class, find and conclude, for purposes of this Settlement only, that: (a) millions of shares of Bausch & Lomb common stock were purchased during the Class Period and thus the members of the Class are so numerous that joinder of all Class members in the class action is impracticable; (b) the Representative Plaintiffs allege a fraud on the market and thus questions of law and fact common to the Class predominate over any individual questions; (c) Lead Plaintiff and the other Representative Plaintiffs purchased shares of Bausch & Lomb common stock during the Class Period and thus their claims are typical of the claims of the Class, and are not subject to unique defenses; (d) Lead Plaintiff and the other Representative Plaintiffs participated in this Action, and their counsel have fairly and adequately represented and protected the interests of the Class members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Class in individually controlling the prosecution of separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability

of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.  For purposes of this Settlement only, the Court shall find and determine that the Action may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the Class and that Representative Plaintiffs shall act as the Class representatives.

        3.      Approve the Settlement embodied in this Stipulation as fair, reasonable, adequate and in the best interests of the Class and the product of substantial, good faith, arm's-length negotiations between and among the parties.

        4.      Dismiss the Action in its entirety as against all Defendants as to the Representative Plaintiffs and all Class members with prejudice and without costs to any party as against any other party, and:

        (a)      Order that upon the Effective Date, Releasors, including Representative Plaintiffs, (i) shall be conclusively deemed to have fully, finally and forever released, relinquished, and discharged all Settled Claims against the Released Parties and all claims relating to the Settlement, (ii) shall be conclusively deemed to have and by operation of the Judgment shall have fully, finally, and forever released, relinquished, and discharged the Released Parties from all claims arising out of or in connection with the institution, prosecution, or assertion of the Action or the Settled Claims, or the Settlement, (iii) shall be conclusively deemed to have covenanted not to sue the Released Parties in any action alleging claims such as were alleged, or could have been alleged, or might have been alleged, in this Action, or that relate to the Settlement, and (iv) shall forever be enjoined and barred from asserting the Settled Claims or any claims relating to the Settlement against any of the Released Parties in any action or proceeding of any

nature, whether or not such Releasors have executed and delivered a Proof of Claim, whether or not such Releasors received the Notice, whether or not such Releasors have participated in the Settlement Fund, whether or not such Releasors have filed an objection to the Settlement, the proposed Plan of Allocation, any application by Plaintiffs' Counsel for the Fee Award, the Expense Award, or the Representative Plaintiffs' Expense Award, and whether or not the claims of such Releasors have been approved or allowed;

(b)     Order that the Proof of Claim, to be executed by the members of the Class substantially in the form annexed hereto as Exhibit D, shall effectuate the release of all Settled Claims against the Released Parties. All Releasors shall be bound by the release set forth in Article E whether or not they submit a valid and timely Proof of Claim;

(c)     Order, with respect to any and all Settled Claims, that, upon the Effective Date, the Releasors shall be conclusively deemed to, and by operation of the Judgment shall, waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

(d)     Order, with respect to any and all Settled Claims, that, upon the Effective Date, the Releasors shall be conclusively deemed to, and by operation of the Judgment shall, waive any and all provisions, rights and benefits conferred by the law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code, even if Releasors hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Settled Claims and that the

22

Releasors do, upon the Effective Date, fully, finally and forever settle and release any and all Settled Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed upon any theory of law or equity, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, and shall be deemed to have acknowledged, that the inclusion of Unknown Claims in the definition of Settled Claims was separately bargained for and was a key element of the Settlement of which the releases are a part; and

(e)     Order that all statutory or common law claims, rights, demands, suits, matters, issues, or causes of action against the Released Parties arising under federal, state, local, foreign, or any other law, rule, or regulation, however styled, whether for indemnification, contribution, or otherwise, that are based upon, arise out of, or relate to the Settled Claims are barred. In accordance with section 21D(f)(7)(B) of the Securities Exchange Act of 1934, any final verdict or judgment that may be obtained by or on behalf of any Class member against any person other than a Released Party relating to the Settled Claims shall be reduced by the greater of (1) an amount that corresponds to the percentage of responsibility of the Released Party for the loss to the Class member or (ii) the amount paid by or on behalf of the Released Party to the Class member in connection with the Settlement.

5.     Reserve jurisdiction, without affecting the finality of the Judgment entered, over:

(a)     Implementation of this Settlement and any award or distribution of the

23

Gross Settlement Fund and Net Settlement Fund, including interest earned or accrued thereon;

(b)    Disposition of the Gross Settlement Fund and Net Settlement Fund, including the Plan of Allocation;

(c)    Hearing and determining the Fee Award and the Expense Award (including fees and costs of experts and/or consultants) applications;

(d)    Hearing and determining the Representative Plaintiffs' Expense Award application;

(e)    Enforcing and administering this Stipulation, including enforcing any releases in connection therewith; and

(f)    Other matters related or ancillary to the foregoing.

6.    Direct Lead Counsel to file with the Clerk of the Court (with a copy to Defendants' Counsel) a record of those members of the Class that excluded themselves from the Class, and direct the Clerk to maintain the record for a period of three years.

7.    Find that counsel for the parties have each conducted themselves in accordance with Rule 11 of the Federal Rules of Civil Procedure.

G.    **CONDITIONS OF SETTLEMENT**

1.    This Stipulation shall be subject to the following conditions and, except as provided in paragraph H(l) hereof, shall be canceled and terminated unless:

(a)    The Court certifies the Class for purposes of Settlement;

(b)    The Court shall enter a Preliminary Approval Order substantially in the form annexed hereto as Exhibit A;

(c)    The Court shall enter the Judgment, substantially in the form annexed

hereto as Exhibit E; and

(d)   The Effective Date as defined in Article A hereof shall have occurred.

2.   Defendants shall have the option to cancel or terminate this Stipulation, if, prior to the Final Settlement Hearing, the aggregate number of shares of Bausch & Lomb common stock purchased or otherwise acquired during the Class Period by members of the Class who would otherwise be entitled to participate as members of the Class, but who request exclusion, equals or exceeds an amount specified in a letter agreement between Lead Counsel and Defendants' Counsel on behalf of their respective clients (the "Letter Agreement").

3.   Upon the occurrence of all of the events listed in paragraph G.1 hereof, each member of the Class shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Settled Claims against the Released Parties, as more fully set forth in Article E hereof.

**H.   EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

1.   This Stipulation shall be canceled and terminated if the Court enters a preliminary approval order that is not substantially in the form annexed hereto as Exhibit A, or if the Court enters a final judgment in the Action that is not substantially in the form annexed hereto as Exhibit E, or if the Court enters the Judgment and appellate review is sought and on such review the Judgment is materially modified or reversed, unless within ten (10) business days of receipt of such ruling or written notice of such circumstances, counsel for the Settling Parties agrees in writing to proceed with this Stipulation.  For purposes of this paragraph, an intent to proceed shall not be valid unless it is expressed in writing by both Lead Counsel and Defendants' Counsel, on behalf of their respective clients.  Such notice shall be provided on behalf of all Settling Parties only by their counsel.  Neither a modification nor reversal on appeal

of the Fee Award, the Expense Award or the Representative Plaintiffs' Expense Award shall be deemed a material modification of the Judgment or of this Stipulation.

2.    Cancellation or termination of the Settlement pursuant to the Letter Agreement, shall be governed by the terms of the Letter Agreement.

3.    If the Effective Date does not occur, or if this Stipulation is canceled or terminated pursuant to its terms or the terms of the Letter Agreement, the Settling Parties shall be deemed to have reverted to their respective status prior to the execution of this Stipulation, and they shall proceed in all respects as if this Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Action, except that Defendants shall not be entitled to the return of the costs of notice of this settlement as provided in paragraph C(2) of this Stipulation.

### I.    **MISCELLANEOUS PROVISIONS**

1.    The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to exercise their best efforts and to act in good faith to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Stipulation and to accomplish the foregoing terms and conditions of the Stipulation.

2.    All of the exhibits attached hereto and identified herein are hereby incorporated by reference as though fully set forth herein.

3.    This Stipulation may be amended or modified only by a written instrument signed by, or on behalf of, all Settling Parties or their successors in interest.

4.    This Stipulation, the exhibits attached hereto, the Letter Agreement, the Escrow Agreement, and the Memorandum of Understanding dated July 16, 2004 constitute the entire agreement among the Settling Parties and no representations, warranties or inducements

26

have been made to any party concerning this Stipulation or its exhibits or the Letter Agreement, the Escrow Agreement, or the Memorandum of Understanding dated July 16, 2004, other than the representations, warranties, and covenants contained and memorialized in such documents.

5. Except as otherwise provided herein, each party shall bear its own costs. Plaintiffs' Counsel's attorneys' fees and litigation expenses, subject to Court approval, shall be paid only out of the Gross Settlement Fund.

6. Lead Counsel represents that it is authorized to sign this Stipulation on behalf of the Representative Plaintiffs, the Executive Committee, and the Class; and Defendants' Counsel represent that they are authorized to sign this Stipulation on behalf of Defendants.

7. This Stipulation may be executed in one or more original, photocopied, or facsimile counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Lead Counsel and Defendants' Counsel shall exchange original signed counterparts and a complete set of original executed counterparts shall be filed with the Court.

8. This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs and legal representatives of the Settling Parties, provided, however, that no assignment by any Settling Party shall operate to relieve such party of its obligations thereunder.

9. All terms of this Stipulation and the exhibits hereto shall be governed by and interpreted according to the laws of the State of New York without regard to its rules of conflicts of law and in accordance with the laws of the United States.

10. The headings in this Stipulation are used for purposes of convenience and ease of reference only and are not meant to have any legal effect, nor are they intended to influence the construction of this Stipulation in any way.

11. The waiver of one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other breach of this Stipulation. The provisions of this Stipulation may not be waived except by a writing signed by the affected party, or counsel for that party.

12. Even if this Stipulation is canceled or terminated, neither this Stipulation nor the Settlement, nor any negotiation, nor act performed, nor document executed nor proceedings held pursuant to or in furtherance of this Stipulation or the Settlement: (i) is, may be deemed to be, or may be used as, an admission of, or evidence of, any wrongdoing, negligence, misrepresentation, violation or liability of the Defendants or Representative Plaintiffs or the Class, or of any fact alleged by Representative Plaintiffs; or (ii) is, may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, including in the Action. However, this Stipulation and Settlement may be used in such proceedings as may be necessary to consummate or enforce this Stipulation, the Settlement or the Judgment, and Defendants may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. Defendants have denied and continue to deny each and all of the claims alleged in the Action.

**IN WITNESS WHEREOF**, the parties hereto, intending to be legally bound hereby, have caused this Stipulation to be executed, by their duly authorized attorneys, as of the 2nd day of August 2004.

**On Behalf of Plaintiffs and the Class:**

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By: _____

Daniel W. Krasner, Esq.
Mark C. Rifkin, Esq.
Thomas H. Burt, Esq.
Stacey T. Kelly, Esq.
270 Madison Avenue
New York, New York 10016
Tel: (212) 545-4600

*Lead Counsel*

**MILBERG WEISS BERSHAD & SCHULMAN LLP**
David A.P. Brower, Esq.
One Pennsylvania Plaza
New York, New York 10119

**WECHSLER HARWOOD LLP**
Robert I. Harwood, Esq.
488 Madison Avenue, 8th Floor
New York, New York 10022

*Plaintiffs' Executive Committee*

**CHAMBERLAIN D'AMANDA
OPPENHEIMER & GREENFIELD**
K. Wade Eaton, Esq.
1600 Crossroads Office Building,
Two State Street
Rochester, NY 14614-1305
Tel: (585) 232-3882

*Liaison Counsel for Plaintiffs*

**On Behalf of Defendants:**

**WACHTELL, LIPTON, ROSEN & KATZ**

By: _____
John F. Savarese, Esq.
Jeffrey R. Boffa, Esq.
Israel Friedman, Esq.
51 West 52nd Street
New York, New York 10019
Tel: (212) 403-2000

**NIXON PEABODY LLP**
Carolyn G. Nussbaum, Esq.
Richard A. McGuirk, Esq.
P.O. Box 31051, Clinton Square
Rochester, New York 14603
Tel: (866) 947-0625

*Counsel for Defendants Bausch & Lomb
Incorporated, William M. Carpenter, Stephen C.
McCluski and Carl E. Sassano*

/370632